UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **VINCENT T. ROSS,** | Civil Action No. 19-574 (ES) (MAH) |
| Plaintiff, | |
| v. | **OPINION** |
| **FORSTER, GARBUS & GARBUS,** | |
| Defendant. | |

**I.   INTRODUCTION**

This matter comes before the Court on Plaintiff's Motion to leave to file an Amended Complaint.  Motion to Amend the Complaint, D.E. 31.  Pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1, the Court decides this motion without oral argument. For the reasons set forth below, the Court will deny Plaintiff's Motion to file an Amended Complaint.

**II.   BACKGROUND[1]**

Plaintiff filed the Complaint in this matter as a putative class action on January 16, 2019. Compl., D.E. 1.  Plaintiff claims in his Complaint that the following language contained in the settlement letter sent by Defendant to Plaintiff dated January 31, 2018 was false: "if the above settlement offer is not accepted by you and if interest or other charges or fees accrue on this account, after the date of this letter, the amount due on the day you pay may be greater."

---

[1] Because the Court writes for the parties, the Court briefly summarizes the pertinent facts.  The Court also assumes as true the factual allegations in the complaint for the purpose of this motion. *See Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851-52 (3d Cir. 1992).

Plaintiff maintains this language is false because "the creditor [LVNV] has no intention of adding interest or fees to this debt, and it is not their customary practice to do so" but utilized this language in an effort to improperly push Plaintiff into accepting its settlement offer.  Compl., D.E. ¶¶ 10, 11.

Plaintiff now moves to amend his Complaint to change the theory of his case, abandoning his theory that the language in the letter was an attempt to force settlement because it was not the creditor's intention to add interest or fees to the debt.  Instead, Plaintiff alleges that "the letter is open to multiple interpretations, at least one of which is false." Prop. Am. Compl., D.E. 31-1, ¶ 11.  Plaintiff supports this allegation with the following:

> 12.  First, when the least sophisticated consumer learns that "other charges or fees" are set to accrue on this account, they are reasonably lead to believe that these charges and fees refer to collection costs or late fees which are commonly associated with such phrasing.
> 13. Late fees consistently accrue month after month substantially increasing a debt over time.
> 14. Collection charges are frequently 25% or 33% of the entire debt substantially increasing a debt.
> 15. When reading the letter, the consumer is more likely to make a payment to stave off such fees or charges.
> 16. Here, Defendant does not charge collection charges or late fees, and so the reasonable interpretation of the consumer is false and deceptive.
> 17. Further, any fees or charges that Defendant is itself alluding to, appears to be a direct reference to charges imposed by the New Jersey courts. However, Defendant does not itself seek these charges from the consumer, yet the consumer is left unaware of this fact. The consumer is misled into believing that Defendant has control over these fees and that a quicker payment would benefit the consumer.
> 18. Second, the charges imposed by the New Jersey courts which is alluded to from Defendant (through discovery) is something well beyond the least sophisticated consumer's understanding. In other words, the consumer would never read Defendant's letter and reasonably believe that the charges are those imposed under New Jersey's Civil Procedure Rules. Therefore, the letter is never made clear to the consumer concerning what is exactly being referenced. This ambiguity serves to benefit Defendant and harm the consumer.
> 19. Third, Defendant will not charge the amounts imposed by the New Jersey courts, or alternatively, will only do so infrequently. Accordingly, implying Plaintiff's debt will increase is either false, or misleading. Such charges will either not increase, or only stand a minimal chance of increase.

*Id.* at ¶¶ 12-19. Plaintiff claims that through discovery he has been able to refine his claim and that is what his amendment encompasses. Pl. Br., D.E. 31, at 3. Defendant opposes the motion, arguing that Plaintiff has failed to demonstrate good cause for moving to amend more than five months beyond the deadline set in the Pretrial Scheduling Order. Def. Br., D.E. 36, at 6-7. Defendant also argues that none of the nine paragraphs that Plaintiff seeks to add to his Complaint contain any information obtained after the Complaint was filed and could have been previously raised. *Id.* at 9. Finally, Defendant maintains that Plaintiff should not be permitted to amend to "totally contradict the factual allegations of the complaint and create a new cause of action not suggested in the initial complaint." *Id.* at 11.

### III. ANALYSIS

"Federal Rule of Civil Procedure 15(a)(2) provides a liberal standard for motions to amend: 'The Court should freely give leave when justice so requires.'" *Spartan Concrete Prods., LLC v. Argos USVI, Corp.*, 929 F.3d 107, 115 (3d Cir. 2019) (quoting Fed. R. Civ. P. 15(a)(2)). "This liberal amendment regime helps effectuate the 'general policy embodied in the Federal Rules favoring resolution of cases on their merits.'" *Mullin v. Balicki*, 875 F.3d 140, 149 (3d Cir. 2017) (quoting *Island Creek Coal Co. v. Lake Shore, Inc.*, 832 F.2d 274, 279 (4th Cir. 1987)).

On the other hand, Rule 16(b)(3)(A) prescribes that the Court must issue a scheduling order that "limit[s] the time to join other parties, amend the pleadings, complete discovery, and file motions." The Rule further prescribes that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The purpose of Rule 16 is to maximize the efficiency of the court system by insisting that attorneys and clients cooperate with the court and abandon practices which unreasonably interfere with the expeditious management

of cases." *Newton v. A.C. & S., Inc.*, 918 F.2d 1121, 1126 (3d Cir. 1990). The requirement of a deadline to amend the pleadings "assures that at some point . . . the pleadings will be fixed." Fed. R. Civ. P. 16, advisory committee's note (1983 Amendment). "The careful scheme of reasonable framing and enforcement of scheduling orders for case management would thus be nullified if a party could inject amended pleadings upon a showing of less than good cause after scheduling deadlines have expired." *Harrison Beverage Co. v. Dribeck Imps., Inc.*, 133 F.R.D. 463, 469 (D.N.J. 1990).

Courts within the Third Circuit have consistently held that "a party seeking to amend the pleadings *after the deadline set by the Court* must satisfy the requirements of Rule 16(b)(4)— i.e., they must show 'good cause.'" *Nasa Machine Tools Inc. v. FAMA Tech. Inc.*, No. 18-2872, 2019 WL 7207503, at *2 (D.N.J. Dec. 27, 2019) (quoting *Karlo v. Pittsburgh Glass Works, LLC*, No. 10-1283, 2011 WL 5170445, at *2 (W.D. Pa. Oct. 31, 2011)). "Accordingly, '[h]eightened scrutiny of a motion to amend . . . is warranted when the motion comes after the period prescribed by Rule 16(b)(3)(A).'" *Korrow v. Aaron's, Inc.*, 300 F.R.D. 215, 220 (D.N.J. 2014) (alterations in original) (quoting *Stolinski v. Pennypacker*, No. 07–3174, 2011 WL 3608685, at *3 (D.N.J. Aug. 15, 2011)).

"If there is good cause to amend, the Court will then turn to Rule 15 to determine whether to permit [Plaintiff] to file its amended pleading as justice so requires." *Nasa Machine Tools Inc.*, 2019 WL 7207503, at *2 (citing *Home Semiconductor Corp. v. Samsung Electronics Co., Ltd.*, Civ. No. 13-2033, 2019 WL 2135858, at *2 (D. Del. 2019)). Conversely, "[i]f the moving party is unable to demonstrate 'good cause', the Court will deny the motion and will not proceed to a Rule 15 analysis." *Korrow*, 300 F.R.D. at 220 (quoting *Velto v. Reliance Standard Life Ins. Co.*, No. 10-1829, 2011 WL 810550, at *4 (D.N.J. Mar. 1, 2011)).

Good cause requires a showing that the delay "stemmed from any mistake, excusable neglect, or any other factor which might understandably account for failure of counsel to undertake to comply with the Scheduling Order." *Fermin v. Toyota Material Handling, USA, Inc.*, No. 10-3722, 2012 WL 1393074, *3 (D.N.J. Apr. 23, 2012) (internal citations and quotations omitted). "Whether 'good cause' exists under Rule 16 hinges to a large extent on the diligence of the moving party." *Nasa Machine Tools Inc.*, 2019 WL 7207503, at *3 (citing *GlobespanVirata, Inc. v. Texas Instruments, Inc.*, No. 03–2854, 2005 WL 1638136, at *3 (D.N.J. July 12, 2005)); *see also* Fed. R. Civ. P. 16, advisory committee's note (1983 Amendment). Rule 16(b)(4) does not require a party to exercise an advanced or superior level of diligence, but rather requires only reasonable diligence. *Fermin,* 2012 WL 1393074, at *3 (stating the inquiry should center on whether "through the exercise of reasonable diligence [the moving party] should have possessed, the knowledge necessary to file the amended motion before the deadline had expired"). "The most common basis for finding a lack of good cause is the party's knowledge of the potential claim before the deadline to amend has passed." *Kennedy v. City of Newark*, Civ. No. 10–1405, 2011 WL 2669601, at *2 (D.N.J. July 7, 2011). "If a movant had the knowledge necessary to file a motion to amend prior to the expiration of the Court's deadline set forth in the scheduling order, and if the movant can provide no satisfactory explanation for the delay, the Court may, in its discretion, deny the motion." *Nasa Machine Tools Inc.*, 2019 WL 7207503, at *3 (citing *Dimensional Commc'n, Inc. v. OZ Optics, Ltd.*, 148 Fed. App'x. 82, 85 (3d Cir. 2005)). In other words, "the moving party must show that, despite its diligence, the deadlines set forth in the scheduling order could not reasonably be met." *Korrow*, 300 F.R.D. at 220. "Moreover, the absence of prejudice to the non-moving party does not constitute 'good cause' under Rule 16." *Id.* (citing *GlobespanVirata,* 2005 WL 1638136, at *3). Put succinctly,

"[a]bsent diligence, there is no 'good cause.'" *Chancellor v. Pottsgrove Sch.* Dist., 501 F.Supp.2d 695, 702 (E.D.Pa.2007); *see also* Fed. R. Civ. P. 16(b), advisory committee's note (1983 Amendment) ("[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension.").

In determining whether "good cause" exists for an untimely motion to amend pleadings, courts typically examine whether the movant possessed, or through the exercise of reasonable diligence should have possessed, the knowledge necessary to file the amended motion before the deadline had expired. *See Stallings ex rel. Estate of Stallings v. IBM Corp.,* Civ. No. 08–3121, 2009 WL 2905471, at *2 (D.N.J. Sept. 8, 2009) (denying a plaintiffs' motion to amend because they "had sufficient information to state the proposed claims well in advance of the Scheduling Order deadline"); *see also Kennedy v. City of Newark,* Civ. No. 10–1405, 2011 WL 2669601, at *2 (D.N.J. July 7, 2011) ("The most common basis for finding a lack of good cause is the party's knowledge of the potential claim before the deadline to amend has passed."). If a movant did have the knowledge necessary to file a motion prior to the expiration of the Court's deadline, and if the movant can provide no satisfactory explanation for the delay, the Court has the discretion to deny the motion. *See Dimensional Commc'n, Inc.,*, 148 F. App'x at 85 (upholding trial court's finding that movant could not satisfy "good cause" because it was in possession of the facts underlying its proposed counterclaim well before amendment deadline); *Harrison,* 133 F.R.D. at 469 (movant failed to satisfactorily explain delay in filing the motion to amend).

The deadline to amend the pleadings was May 25, 2020. *See* Consent Order Amending Pretrial Scheduling Order, March 5, 2020, D.E. 15. The Court has not extended this deadline. Nor did Plaintiff seek an extension of this deadline. Plaintiff did not move to amend his Complaint until October 16, 2020, nearly five months after the deadline to amend passed.

Plaintiff relies on a single argument to explain the delay, *i.e.,* that he has been diligent in this matter and mired in many discovery disputes with Defendant. Pl. Br., D.E. 31, at 3.  For the reasons set forth herein, the Court cannot find that Plaintiff's failure to move to amend sooner was the result of an inadvertent mistake, but rather, finds that the failure to move to amend sooner was the result of an inexcusable lack of diligence.  Plaintiff seeks leave to amend his Complaint to plead different allegations which support a new theory of his case, *i.e.*, that the language in Defendant's collection letter was either misleading or open to multiple interpretations.  Prop. Amd Compl., D.E. 31-1, ¶¶ 11-19. Plaintiff claims that it was through discovery obtained that he realized the need to amend his Complaint.  Pl. Br., D.E. 31, at 4.  For example, "Plaintiff's amendment addresses facts and circumstances that were produced through the course of discovery, and well past the deadline to amend in the scheduling order. It is only this newly discovered information that prompts the amendment." *Id.* at 5.

The Court is unpersuaded by Plaintiff's justifications.  Plaintiff fails to set forth any new facts or information learned through discovery subsequent to the filing of the Complaint which form the basis of the claim Plaintiff now attempts to assert.  Plaintiff was thus aware of the information that forms the basis of the new claim since at least January 16, 2019, the date on which he filed his Complaint.  The onus was on Plaintiff to request an extension of the deadline to amend the pleadings.  Not once did Plaintiff evince an intention to seek leave to file an Amended Complaint, however.  Accordingly, the Court concludes that the delay from the time Plaintiff filed his Complaint on January 16, 2019 until he moved to amend the Complaint on October 16, 2020 was not reasonably diligent.  Moreover, Plaintiff fails to point to a single piece of evidence or any new fact or information he discovered after the deadline to amend the Complaint, May 25, 2020, had passed.

The Court further finds that Defendant placed the issue of accrual of interest and the addition of costs and fees by New Jersey Courts, which form the basis of Plaintiff's new claim, in issue from the outset of this litigation. During the scheduling conference on December 11, 2019, Defendant produced documents to Plaintiff which demonstrated, inter alia, that interest was accruing, and costs and fees had been added to the debt. *See*, *e.g.*, Text Order, Dec. 11, 2019, D.E. 11. Moreover, on May 5, 2020, Plaintiff admitted in response to Defendant's Supplemental Requests for Admissions that he had received multiple letters and Order and Execution Against Earnings Writs of Execution which showed that interest was accruing and that fees and costs had been added in connection with the individual Writs. *See* Exh. 1 to Def. Br., Plaintiff's Responses to Defendant's Supplemental Requests for Admissions, D.E. 36-1; see also Exh. 2 to Def. Br., Defendant's Exhibits to Defendant's Supplemental Requests for Admissions, D.E. 36-2. From these responses, the Court draws the reasonable inference that Plaintiff had in his possession the basic facts needed to assert, or at least to promptly and carefully consider, whether his new claim was viable before the deadline to amend passed yet chose not to do so.

Finally, the Court rejects Plaintiff's contention that the late amendment would not prejudice Defendant. Plaintiff reasons that only a minimal amount of additional discovery, if any, would be necessary. Pl. Br., D.E. 31, at 6. Satisfaction of the good cause standard does not rise or fall with prejudice to the non-moving party. And in any event, fact discovery is now closed. If the Court granted the instant motion, it would have to reopen discovery, resulting in further delays of a case that is already more than two years old. Moreover, Plaintiff's amendment attempts to completely change Plaintiff's theory of the case which places Defendant in the unfavorable position of it now having to change its defense at a very late stage in this litigation. Those circumstances also cut against Plaintiff's showing of good cause.

The Court finds that Plaintiff has not provided a satisfactory explanation for waiting five months after the deadline to amend had passed and until nearly the close of fact discovery to raise this new claim. Accordingly, Plaintiff has not demonstrated good cause for modification of the Pretrial Scheduling Order pursuant to Federal Rule of Civil Procedure 16(b)(4).[2]

### IV. CONCLUSION

For the foregoing reasons, the Court denies Plaintiff's Motion for Leave to File an Amended Complaint. An Order accompanies this Opinion.

*s/ Michael A. Hammer*
**Hon. Michael A. Hammer**
**United States Magistrate Judge**

Dated: March 1, 2021

---

[2] Having concluded that Plaintiff is required to satisfy the "good cause" requirement of Fed. R. Civ. P. 16 and has failed to so, the Court need not reach the futility analysis. Nonetheless, the Court is also satisfied that leave to amend should be denied pursuant to Rule 15(a). The Third Circuit has "upheld district courts' findings of prejudice when adding a new claim would fundamentally alter[] the proceeding and could have been asserted earlier.'" *Spartan Concrete Prods., LLC*, 929 F.3d at 116 (alteration in original) (quoting *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 274 (3d Cir. 2001)). For the reasons set forth above, such is the case here.