Not for Publication

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| VINCENT T. ROSS,<br><br>       **Plaintiff,**<br><br>   **v.**<br><br>FORSTER, GARBUS & GARBUS,<br><br><br>       **Defendant.** | Civil Action No.: 19-0574 (ES) (MAH)<br><br>OPINION |

SALAS, DISTRICT JUDGE

  Plaintiff Vincent T. Ross initiated this action against Defendant Forster, Garbus & Garbus seeking damages for Defendant's alleged violations of the Federal Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.  (D.E. No. 1 ("Complaint" or "Compl.")). Before the Court is Plaintiff's motion for summary judgment.  (D.E. No. 61).  The motion is fully briefed.  (D.E. No. 61-2 ("Pl. Mov. Br."); D.E. No. 64 ("Def. Opp. Br."); D.E. No. 67 ("Pl. Reply")).  Having considered the parties' submissions, the Court decides this matter without oral argument.  *See* Fed. R. Civ. P. 78(b); L. Civ. R. 78.1(b).  For the following reasons, Plaintiff's motion is **DENIED**.

## I. BACKGROUND[1]

### A. Factual Background

  Prior to 2011, Plaintiff incurred credit card debt in the amount of $1,090.85 with Capital One, which was subsequently purchased by LVNV Funding LLC.  (Pl. SUMF ¶¶ 2 & 5; Def.

---

[1] The following facts are drawn primarily from Plaintiff's statement of undisputed material facts (D.E. No. 61-1 ("Pl. SUMF")), Defendant's responses thereto and statement of additional undisputed facts (D.E. No. 64-1 ("Def. Resp. SUMF"); and Plaintiff's response to Defendant's statement of additional undisputed facts (D.E. No. 67-1 ("Pl. Resp. SUMF")).

Resp. SUMF ¶¶ 2 & 5).   On December 29, 2011, Defendant Forster Garbus & Garbus, a debt collector collecting on Plaintiff's debt to LVNV Funding LLC (Compl. ¶ 5), filed suit on behalf of LVNV Funding LLC against Plaintiff in the Superior Court of New Jersey, Passaic County, Law Division, seeking judgment on the debt.   (Pl. SUMF ¶¶ 4–5; Def. Resp. SUMF ¶¶ 4–5).   On February 22, 2012, the Superior Court of New Jersey entered a default judgment against Plaintiff in the amount of $1,239.22.   (Def. Resp. SUMF ¶ 13; Pl. Resp. SUMF at 1).   Between April 4, 2012, and January 31, 2016, Defendant sent thirteen letters and/or writs of execution to Plaintiff seeking collection of the judgment, which Plaintiff received.   (Def. Resp. SUMF ¶ 23; Pl. Resp. SUMF at 3–4).   On January 31, 2018, Defendant sent Plaintiff a letter regarding collection of the debt which indicated that the balance owed was $1,113.66 and that "a settlement of the above account can be arranged."   (D.E. No. 1-2, Ex. A to Compl. (the "Letter")).   Specifically, the Letter contained the following statement (the "Statement"): "If the above settlement offer is not accepted by you and if interest or other charges or fees accrue on this account, after the date of this letter, the amount due on the day you pay may be greater."   (Letter; *see also* Pl. SUMF ¶¶ 1–3; Def. Resp. SUMF ¶¶ 1–3).

### B.   Procedural History

On January 16, 2019, Plaintiff initiated the instant action, alleging that Defendant's Letter violates §§ 1692e and 1692f of the FDCPA.   (*See* Compl.).[2]   Specifically, Plaintiff alleges that the Statement is false because "[t]he creditor has no intention of adding interest or fees to this debt, and it is not their customary practice to do so," and that Defendant included the Statement in order to "push Plaintiff into settlement by implying that failure to accept or make payment will result in the debt increasing."   (*Id*. ¶¶ 10–12).   On March 17, 2019, Defendant filed an answer.

---

[2]     Though the Complaint is for a purported class action, it appears that Plaintiff never sought class certification.

(D.E. No. 4).  On December 11, 2019, the parties appeared before Magistrate Judge Hammer for an initial conference under Federal Rule of Civil Procedure 16.  (D.E. No. 11).  At the conference, Defendant presented the letters and writs of execution Defendant sent to Plaintiff in an attempt to collect the debt.  (Def. Resp. SUMF ¶ 17 & 23; Pl. Resp. SUMF at 2–4). Following the conference, Judge Hammer issued the following text order:

> As discussed at the Rule 16 conference on December 11, 2019, Plaintiff will review the complaint, in light of the documents provided by Defense counsel, on the issue of whether Defendant intended to collect, and in fact, sought interest, on the account.  On or before December 31, 2019, Plaintiff will inform the Court and Defense counsel whether Plaintiff intends to proceed with this litigation, and whether the Court should issue the Scheduling Order.

(D.E. No. 11).  On January 9, 2020, Judge Hammer issued a second text order directing Plaintiff to inform the Court whether he intended to proceed with the litigation.  (D.E. No. 12).  On February 24, 2020, Judge Hammer issued a third text order again directing Plaintiff to inform the Court whether he intended to proceed with the litigation, and warning Plaintiff that failure to comply would result in the Court issuing "an Order to Show Cause as to why the Complaint should not be dismissed for failure to prosecute it and failure to comply with Court Orders." (D.E. No. 13).  On February 26, 2020, Plaintiff filed a letter with the Court indicating his intent to proceed with the litigation.  (D.E. No. 14).  Plaintiff explained that he believed the case should proceed because at the initial conference "Defendant could not articulate whether or not interest was currently accruing on the account" and "[r]egardless of the status of the interest, that is only half of the claim.  Defendant made no representation on whether 'other charges or fees' are accruing."  (*Id.*).  On March 5, 2020, Judge Hammer issued a Pre-Trial Scheduling Order setting May 25, 2020, as the deadline to file any motion to add new parties or amend the pleadings. (D.E. No. 15 ¶ 12).

On October 16, 2020, Plaintiff filed a motion to amend his Complaint.  (D.E. No. 31 ("Pl. MTA")).    Specifically, Plaintiff sought to remove the following allegations regarding the Statement in the Complaint:

- "Upon information and belief, this is a false statement.  The creditor has no intention of adding interest or fees to this debt, and it is not their customary practice to do so."  (Compl. ¶ 11).

- "Defendant's attempt to push Plaintiff into settlement by implying that failure to accept or make payment will result in the debt increasing is the exact type of conduct intended by Congress to prevent in creating the FDCPA."  (*Id*. ¶12).

Plaintiff further sought to add in the following allegations:

- "The letter is open to multiple interpretations, at least one of which is false."  (D.E. No. 31-1, Ex. A to Pl. MTA ¶ 11).

- "First, when the least sophisticated consumer learns that 'other charges or fees' are set to accrue on this account, they are reasonably lead to believe that these charges and fees refer to collection costs or late fees which are commonly associated with such phrasing."  (*Id*. ¶ 12).

- "Late fees consistently accrue month after month substantially increasing a debt over time."  (*Id*. ¶ 13).

- "Collection charges are frequently 25% or 33% of the entire debt substantially increasing a debt."  (*Id*. ¶ 14).

- "When reading the letter, the consumer is more likely to make a payment to stave off such fees or charges."  (*Id*. ¶ 15).

- "Here, Defendant does not charge collection charges or late fees, and so the reasonable interpretation of the consumer is false and deceptive."  (*Id*. ¶ 16).

- "Further, any fees or charges that Defendant is itself alluding to, appears to be a direct reference to charges imposed by the New Jersey courts.  However, Defendant does not itself seek these charges from the consumer, yet the consumer is left unaware of this fact.  The consumer is misled into believing that Defendant has control over these fees and that a quicker payment would benefit the consumer."  (*Id*. ¶ 17).

- "Second, the charges imposed by the New Jersey courts which is alluded to from Defendant (through discovery) is something well beyond

4

the least sophisticated consumer's understanding.   In other words, the consumer would never read Defendant's letter and reasonably believe that the charges are those imposed under New Jersey's Civil Procedure Rules.  Therefore, the letter is never made clear to the consumer concerning what is exactly being referenced.   This ambiguity serves to benefit Defendant and harm the consumer."  (*Id*. ¶ 18).

- "Third, Defendant will not charge the amounts imposed by the New Jersey courts, or alternatively, will only do so infrequently. Accordingly, implying Plaintiff's debt will increase is either false, or misleading.   Such charges will either not increase, or only stand a minimal chance of increase."  (*Id*. ¶ 19).

Defendant opposed Plaintiff's motion to amend (D.E. No. 36 ("Def. Opp. MTA")) and Plaintiff filed a reply in support (D.E. No. 41 ("Pl. Reply MTA")).   On March 1, 2021, Judge Hammer denied Plaintiff's motion to amend.   (D.E. Nos. 44 ("Opinion MTA") & 45).   On March 15, 2021, Plaintiff filed a motion for reconsideration of Judge Hammer's decision denying Plaintiff leave to amend his Complaint.   (D.E. Nos. 46 & 46-1 ("Pl. MFR")).   Defendant opposed (D.E. No. 47 ("Def. Opp. MFR")) and Plaintiff filed a reply in support (D.E. No. 50 ("Pl. Reply MFR")).   On May 27, 2021, Judge Hammer denied Plaintiff's motion for reconsideration.   (D.E. No. 51).   On August 19, 2022, Plaintiff filed the instant motion for summary judgment (D.E. No. 61), which is fully briefed.   (Pl. Mov. Br; Def. Opp. Br.; Pl. Reply).

## II.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 56(a), a "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."   The mere existence of an alleged disputed fact is not enough.  *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247–48 (1986).   Rather, the opposing party must offer specific facts that establish a genuine issue of material fact, not just "some metaphysical doubt as to the material facts."  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp*., 475 U.S. 574, 586–87 (1986).   Thus, the nonmoving party cannot rely on unsupported

assertions, bare allegations, or speculation to defeat summary judgment.  *See Groman v. Twp. of Manalapan*, 47 F.3d 628, 637 (3d Cir. 1995).  An issue of material fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.  A fact is "material" if under the governing substantive law, a dispute about the fact might affect the outcome of the lawsuit.  *Id.*  Factual disputes that are irrelevant or unnecessary will not preclude summary judgment.  *Id.*  The Court must, however, consider all facts and their reasonable inferences in the light most favorable to the nonmoving party.  *See Pa. Coal Ass'n v. Babbitt*, 63 F.3d 231, 236 (3d Cir. 1995).

## III.   Discussion

Congress enacted the FDCPA "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses."   15 U.S.C. § 1692(e).   The FDCPA "provides consumers with a private cause of action against debt collectors who fail to comply with the Act." *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 453 (3d Cir. 2006) (citing 15 U.S.C. § 1692k). Because the FDCPA is a remedial statute, courts "construe its language broadly so as to effect its purposes." *Allen ex rel. Martin v. LaSalle Bank, N.A.*, 629 F.3d 364, 367 (3d Cir. 2011) (citing *Brown*, 464 F.3d at 453).

"To prevail on an FDCPA claim, a plaintiff must prove that (1) [he or] she is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a 'debt' as the Act defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt." *Jensen v. Pressler & Pressler*, 791 F.3d 413, 417 (3d Cir. 2015) (quoting *Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303 (3d Cir. 2014)).

Here, Plaintiff seeks summary judgment on his FDCPA claim brought in his Complaint premised on Defendant's violation of §§ 1692e and 1692f of the FDCPA. (Pl. Mov. Br.). Defendant opposes, arguing that Plaintiff has impermissibly sought to proceed on a new theory at summary judgment and that Plaintiff has failed to establish that he is a consumer or that the debt is consumer oriented. (Def. Opp. Br.). For the following reasons, summary judgment is **DENIED**.

### A.    Violation of 15 U.S.C. § 1692e

Section 1692e provides that "[a] debt collector may not use any *false*, *deceptive*, *or misleading* representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e (emphasis added). Section 1692e also provides a non-exhaustive list of behaviors which constitute a violation thereof. 15 U.S.C. § 1692e (1)–(16). The Third Circuit has found a violation of § 1692e where a collection letter contained language threatening action that could not legally be taken, or that the collection agency never intended to take. *See Lesher v. Law Offices of Mitchell N. Kay, PC*, 650 F.3d 993, 998 (3d Cir. 2011) (collecting cases). Additionally, the Third Circuit has found a violation of § 1692e where the collection letter could "be reasonably read to have two or more different meanings, one of which is inaccurate." *Brown*, 464 F.3d at 455 (citing *Wilson v. Quadramed Corp.*, 225 F.3d 350, 354 (3d Cir. 2000)).

In his Complaint, Plaintiff alleges that the following Statement violates § 1692e because it is false: "If the above settlement offer is not accepted by you and if interest or other charges or fees accrue on this account, after the date of this letter, the amount due on the day you pay may be greater." (Compl. ¶ 10; Letter). Specifically, Plaintiff alleges that the Statement is false because Defendant "has no intention of adding interest or fees to this debt, and it is not their customary practice to do so," and that Defendant included the Statement in order to "push

Plaintiff into settlement by implying that failure to accept or make payment will result in the debt increasing." (Compl. ¶¶ 10–12). On summary judgment, Plaintiff now argues that it is undisputed that the Statement "is open to two or more different meanings, at least one of which is inaccurate," and Plaintiff should therefore be granted summary judgment on his § 1692e claim. (Pl. Mov. Br. at 6). Defendant opposes, arguing that summary judgment should be denied because Plaintiff has impermissibly moved for summary judgment on a new theory—that the Statement is *misleading* or *deceptive* as opposed to *false*—which Plaintiff was foreclosed from pursuing when Magistrate Judge Hammer denied Plaintiff leave to amend his Complaint. (Def. Opp. Br. at 9–11). In reply, Plaintiff argues that he has not brought a new theory at summary judgment. (*See* Pl. Reply at 3–4). The Court agrees with Defendant.

### i. Plaintiff's Theory of Liability

Defendant argues that Plaintiff is impermissibly seeking to "introduce a new claim at the summary judgment stage, after he was explicitly denied leave to do so via a proper amendment." (Def. Opp. Br. at 10). Specifically, Defendant argues that Plaintiff's Complaint is limited to the theory that the Statement is false, and that Plaintiff moved for summary judgment instead on the theory that the Statement is misleading or deceptive. (*Id*. at 10–11). According to Defendant, because Plaintiff was denied leave to amend his Complaint to include this new theory, Plaintiff should not be able to proceed on this theory at summary judgment. (*Id*. at 11). In reply, Plaintiff argues that his theory that the Statement is misleading is not new but is contained in his original Complaint. (Pl. Reply at 3). Plaintiff further argues that his motion to amend did not seek to add in a new claim or theory of the case, but only "to clarify these allegations by explaining further exactly *how* the letter was false, misleading or confusing." (*Id*. (emphasis in original)).

The Court agrees with Defendant that Plaintiff is impermissibly seeking to proceed on a theory of the case which he was foreclosed from pursuing by Judge Hammer's decision denying him leave to amend his Complaint. Plaintiff has waived any argument not raised before Judge Hammer—including his argument that his theory that the Statement is misleading is not new, but is contained within his original Complaint. "[P]arties who litigate before a Magistrate Judge must raise any and all arguments before the Magistrate Judge, or waive their right to assert the arguments before the district court on appeal." *Cooper Hospital/University Medical Center v. Sullivan*, 183 F.R.D. 135, 142 (D.N.J. 1998) (citations omitted) (collecting cases); *see also Koch Materials Co. v. Shore Slurry Seal, Inc.*, 216 F.R.D. 301, 306 (D.N.J. 2003) ("[A] party is not entitled as of right to present arguments to the District Court on appeal which were not seasonably presented to the Magistrate Court.") (citing *Reich v. Hercules, Inc.*, 857 F. Supp. 367, 369 (D.N.J.1994)). Here, Plaintiff did not adequately argue that his theory that the Statement is misleading is not new until his reply in support of the instant motion for summary judgment. (Pl. Reply at 3–4). As discussed below, the Court finds that Plaintiff cannot present a new argument at this stage of litigation.

To start, the parties' briefing on the motion to amend clearly treat Plaintiff's theory that the Statement is misleading as a new theory not contained in the original Complaint. (*See* Pl. MTA at 6 (claiming that "discovery has been focused on the *new claims*") (emphasis added); Def. Opp. MTA at 1–2 (arguing that in the original Complaint, "[t]here was no claim or even mention that the Statement and/or Letter was unclear, could be misunderstood or was misleading in any fashion, simply that it was false"); *Id.* at 3 (arguing that in moving to amend, Plaintiff "switche[d] gears" and sought "to go in an entirely new direction" with his "new claim")). Plaintiff did not contest this in either his moving or reply briefs. (*See generally* Pl. MTA; Pl.

Reply MTA).  Plaintiff did suggest, however, that he intended to proceed on multiple theories of liability in his *amended complaint*.  (Pl. MTA at 6 ("Plaintiff's Amended Complaint actually avoids the deficiencies in the case that Defendant has previously pointed out.  Plaintiff's claim also relies upon several theories of liability, any one of which is sufficient to uphold a FDCPA violation.  For this reason, Plaintiff's complaint would not be futile.")).

In denying Plaintiff's motion to amend, Judge Hammer also clearly treated Plaintiff's theory that the Statement is misleading as a new theory.  Judge Hammer explained that "Plaintiff now moves to amend his Complaint to change the theory of his case, abandoning his theory that the language in the letter was an attempt to force settlement because it was not the creditor's intention to add interest or fees to the debt.  Instead, Plaintiff alleges that 'the letter is open to multiple interpretations, at least one of which is false.'"  (Opinion MTA at 2).  Judge Hammer further provided that "Plaintiff seeks leave to amend his Complaint to plead different allegations which support a new theory of his case, *i.e.*, that the language in Defendant's collection letter was either misleading or open to multiple interpretations."  (*Id*. at 7).

In footnotes to Plaintiff's motion for reconsideration of Judge Hammer's decision, Plaintiff briefly provided, for the first time, his position that his "new claim" does not "fundamentally alter[] the proceedings or 'completely change[]' Plaintiff's theory of the case" because "Plaintiff still maintains that the interpretation of the letter is false or misleading."  (*See* Pl. MFR at 7, n.2 & 3, n.1).  Plaintiff made no additional legal or factual arguments in support thereof.  These statements in two footnotes in his motion for reconsideration do not provide a sufficient argument that Plaintiff's theory that the Statement is misleading is already contained within his original Complaint.  And Plaintiff failed to make any argument in his reply brief regarding whether his theory that the Statement is misleading was new (*see generally* Pl. Reply

MFR), even though Defendant argued in opposition to Plaintiff's motion for reconsideration that Plaintiff should not be allowed "to totally contradict the factual allegations of the complaint and create a new cause of action not suggested in the initial complaint."  (Def. Opp. MFR at 7).

Despite this, Plaintiff moves for summary judgment on the theory that the Statement is open to multiple interpretations, at least one of which is false, and so is misleading and deceptive in violation of § 1692e—without reference to the procedural history surrounding this theory of the case.  (*See generally* Pl. Mov. Br.).  Not until Plaintiff's reply in support of the instant motion does Plaintiff present his argument that this theory is not new but is a part of his original Complaint.  (Pl. Reply at 3–4).  The Court finds that Plaintiff cannot bring it now, on his *sixth* opportunity to do so.  *See Amersham Biosciences v. PerkinElmer, Inc.*, No. 03-4901, 2005 WL 8179738, at * 3 (D.N.J. April 14, 2005) ("[A]ny argument . . . not separately raised before [the Magistrate Judge], as is the case here, [is] not properly before this Court . . .").  And Plaintiff cannot proceed on a new theory of liability on a motion for summary judgment.  *See Bell v. City of Philadelphia*, 275 Fed. App'x. 157, 160 (3d Cir. 2008) ("A plaintiff 'may not amend his complaint through arguments in his brief in opposition to a motion for summary judgment.'") (citing *Shanahan v. City of Chi.,* 82 F. 3d 776, 781 (7th Cir. 1996)); *Spence v. City of Phila*., 147 F. App'x 289, 291 (3d Cir. 2005) ("Under this court's precedent, a claim that has not been timely raised is waived."); *Protocol Elecs., Inc. v. Transolutions, Inc*., No. 03-4162, 2005 WL 1106132, at *5 (D.N.J. Apr. 29, 2005) ("It is black-letter law that it is impermissible, without leave of court, to raise new claims for the first time on summary judgment.") (citing *In re Cendant Corp. Derivative Action Litig*., 96 F. Supp. 2d 394, 398 (D.N.J. 2000)).  Accordingly, Plaintiff's motion for summary judgment on his FDCPA claim premised on a violation of § 1692e is **DENIED**.

> ### ii.    Magistrate Judge Hammer's Denial of Plaintiff's Motion to Amend

In a footnote to Plaintiff's reply brief to the instant motion for summary judgment, Plaintiff contests Judge Hammer's treatment of his March 15, 2021 motion as one for reconsideration, arguing that the motion should have been treated as an appeal of Judge Hammer's decision denying Plaintiff leave to amend, and, accordingly, should have been decided by the Undersigned. (Pl. Reply at 3, n.1). The Court recognizes that Plaintiff's March 15, 2021 motion was docketed as a "motion for reconsideration" and treated as such, though the motion was titled an "appeal." (*See* Pl. MFR). Notwithstanding, this argument is improperly before the Court for two reasons. *First*, Plaintiff was free to appeal Judge Hammer's decision treating his motion as one for reconsideration, and to raise this argument in that appeal, but did not do so. *Second*, Plaintiff raises this argument for the first time in his reply brief to the instant motion for summary judgment. (Pl. Reply at 3, n.1). "[I]t is well established that new arguments cannot be raised for the first time in reply briefs." *Jurista v. Amerinox Processing, Inc.*, 492 B.R. 707, 779 (D.N.J. 2013) (declining to reach argument raised for the first time in reply); *see also Oberwager v. McKechnie Ltd.*, 351 F. App'x 708, 711 n.5 (3d Cir. 2009) (same). Nonetheless, even if Plaintiff's reconsideration motion had been decided by the Undersigned—treating it as an appeal of Judge Hammer's decision denying leave to amend—Judge Hammer's decision would have been affirmed as not clearly erroneous or contrary to law. *See* Fed. R. Civ. P. 72(a); L. Civ. R. 72.1(c)(1)(A).

"A Magistrate Judge's finding is clearly erroneous when, although there may be some evidence to support it, the reviewing court, after considering the entirety of the evidence, is left with the definite and firm conviction that a mistake has been committed." *Coyle v. Hornell*

*Brewing Co.*, No. 08-2797, 2009 WL 1652399, at *3 (D.N.J. June 9, 2009) (quoting *Kounelis v. Sherrer*, 529 F. Supp. 2d 503, 518 (D.N.J. 2008)).  "A [ruling] is contrary to law if the magistrate judge has misinterpreted or misapplied applicable law."  *Gunter v. Ridgewood Energy Corp.*, 32 F. Supp. 2d 162, 164 (D.N.J. 1998).  "Where a magistrate judge is authorized to exercise his[] discretion, the decision will be reversed only for an abuse of discretion."  *Rhett v. N.J. State*, No. 07-1310, 2007 WL 1456199, at *2 (D.N.J. May 14, 2007) (citing *Gunter*, 32 F. Supp. 2d at 164).

In his motion for reconsideration, Plaintiff argued that Judge Hammer erred in three ways: (i) in failing to consider new facts Plaintiff discovered after the deadline to amend had passed, (ii) in finding that Defendant would suffer prejudice by his amendment, and (iii) in failing to consider Plaintiff's argument that amendment would not be futile.  (Pl. MFR at 3–8; Pl. Reply MFR at 3–4).  As discussed below, the Court disagrees.

***New Evidence.***  First, Judge Hammer found that Plaintiff had not identified any new facts learned through discovery to show good cause for his late amendment.  (Opinion MTA at 7). Plaintiff argued in his motion to amend that new discovery obtained from Defendant formed the basis of his amendment, but he did not cite to any specific discovery or facts learned therein. (*See generally* Pl. MTA).  In his reply in support of his motion to amend, Plaintiff pointed to discovery disputes regarding the specificity of the term "charges or fees"—including Defendant's June 10, 2020 interrogatory responses "that first mention that [Defendant] was imposing fees based on New Jersey Court rules"—as proof that Plaintiff did not have the information necessary to timely amend his complaint.  (Pl. Reply MTA at 2–3).  In his Opinion, Judge Hammer disagreed, and found that "Defendant placed the issue of accrual of interest and the addition of costs and fees by New Jersey Courts, which form the basis of Plaintiff's new

13

claim, in issue from the outset of this litigation." (Opinion MTA at 8). This finding was not clearly erroneous.

As Judge Hammer explained, "Defendant produced documents to Plaintiff which demonstrated, inter alia, that interest was accruing, and costs and fees had been added to the debt" at the initial Rule 16 conference. (*Id*. (citing D.E. No. 11)). In light of this, Judge Hammer concluded that "Plaintiff had in his possession the basic facts needed to assert, or at least to promptly and carefully consider, whether his new claim was viable before the deadline to amend passed yet chose not to do so." (Opinion MTA at 8). In Plaintiff's motion for reconsideration, he argued that until he received a response from Defendant explaining specifically what "other charges and fees" referred to, he "was unaware that Defendant was going to utilize 'court fees' as a defense in this case" and thus was unaware of a potential theory of the case premised on the fact that the phrase "charges and fees" is misleading and deceptive. (Pl. MFR at 4–5). Contrary to Plaintiff's position, whether Plaintiff understood that the charges and fees referenced in the Statement referred to court fees, or that this would be Defendant's defense, prior to Defendant's interrogatory responses, is not the relevant inquiry. Plaintiff did not need to know what Defendant would raise as a defense to timely bring an alternative theory that the Statement is open to multiple interpretations. In fact, the discovery disputes Plaintiff pointed to as showing that he "never understood what [charges and fees] meant" also demonstrate that Plaintiff found the terms ambiguous prior to receiving Defendant's interrogatory responses. (Pl. MFR at 4). Accordingly, Judge Hammer did not err in finding that Plaintiff had the facts necessary to revise his theory of the case, or to at least request an extension of the time to amend, well before Defendant's interrogatory responses, or that Plaintiff's failure to do so "was the result of an inexcusable lack of diligence." (Opinion MTA at 7).

*Prejudice.*   Second, Judge Hammer found that prejudice to Defendant was a fact that "cut[s] against Plaintiff's showing of good cause" and noted that prejudice was an alternative basis for denying Plaintiff's motion to amend.   (Opinion MTA at 8 & 9, n.2).   Judge Hammer's finding that Plaintiff's amendment would prejudice Defendant because it would "fundamentally alter the proceeding" was not clearly erroneous because it did not impact his decision.   (*Id*. at 9, n.2 (citation omitted)).   Rather, it was offered as an alternative basis for denying Plaintiff's motion to amend under Rule 15(a).   As Judge Hammer noted, because Plaintiff had failed to demonstrate good cause pursuant to Rule 16, he did not need to move to an analysis under Rule 15(a).   (*Id*.).

Similarly, Judge Hammer's finding that prejudice "cut[s] against Plaintiff's showing of good cause" was not clearly erroneous.   (*Id*. at 8).   In his motion for reconsideration, Plaintiff argued that Defendant had waived any argument on prejudice by failing to raise it in opposition to Plaintiff's motion to amend.   (Pl. MFR at 6–8).   But Judge Hammer only considered prejudice to Defendant in response to *Plaintiff's* argument that Defendant would not be prejudiced by Plaintiff's late amendment.   (Opinion MTA at 8 (citing Pl. MTA at 6)).   Further, Judge Hammer's decision was not predicated on his finding that Defendant would be prejudiced. Rather, Judge Hammer noted that "[s]atisfaction of the good cause standard does not rise or fall with prejudice to the non-moving party."   (*Id*.).   Ultimately, Judge Hammer denied Plaintiff's motion because "Plaintiff ha[d] not provided a satisfactory explanation for waiting five months after the deadline to amend had passed and until nearly the close of fact discovery to raise this new claim."   (*Id*. at 9).   Accordingly, Judge Hammer's finding that Defendant would be prejudiced by Plaintiff's late amendment was not clearly erroneous because it was not determinative. *See Berk v. Ritz Carlton Condo. Ass'n*, No. 19-20666, 2021 WL 5277459, at *2

(D.N.J. Nov. 12, 2021) ("In shifting responsibility to the defendants and centering her argument on the perceived belief that the proposed amendment will have little impact on the non-moving parties, plaintiff flatly ignores Rule 16, which directly focuses on her own due diligence.").

*Case law.* Third, Judge Hammer found that "[h]aving concluded that Plaintiff is required to satisfy the 'good cause' requirement of Fed. R. Civ. P. 16 and has failed to do so, the Court need not reach the futility analysis." (Opinion MTA at 9, n.2). Judge Hammer therefore did not need to consider the case law proffered by Plaintiff to support his argument that his amendment would not be futile. (*See* Pl. Reply MTA at 5–9).

The Court finds that Judge Hammer's decision denying Plaintiff leave to amend his Complaint was not clearly erroneous or contrary to law. Judge Hammer's decision clearly denied Plaintiff leave to proceed by a new theory of the case not already included in his Complaint—that the Statement is misleading and deceptive because it is open to multiple interpretations, at least one of which is false. (*See* Opinion MTA at 8 ("Plaintiff's amendment attempts to completely change Plaintiff's theory of the case.")). Plaintiff cannot now attempt to circumvent Judge Hammer's decision and proceed with the same theory he was denied leave to add into his Complaint.

Accordingly, Plaintiff is limited to proceeding on his original theory of the case as outlined in his Complaint—that the Statement violates § 1692e because it is false.[3]

---

[3]     To the extent Plaintiff moves for summary judgment on the theory that the Statement is false, this argument is virtually indistinguishable from Plaintiff's argument that the Statement is open to multiple interpretations. (*See e.g.*, Pl. Mov. Br. at 11–12 ("In this case too, there is only one reasonable interpretation of the letter left from Defendant's clear implication: the debt is subject to increase because of some fee or hidden charge. Yet, each of these is a false possible outcome. Therefore, the letter is deceptive under Section 1692e."); *Id.* at 12 ("Therefore, the least sophisticated consumer can interpret the letter multiple ways, at least one of which is inaccurate. As such, the letter violates the FDCPA.")). Accordingly, the Court declines to consider whether Plaintiff should be granted summary judgment on his theory that the Statement is false at this time.

B.      **Violation of 15 U.S.C. § 1692f**

Plaintiff also moves for summary judgment on his FDCPA claim premised on a violation of 15 U.S.C. § 1692f.  Section 1692f provides that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."  Section 1692f then provides a non-exhaustive list of behaviors which would constitute unfair or unconscionable means. § 1692f (1)–(8).

Plaintiff argues that claims for violations of § 1692e and § 1692f may proceed in tandem, and that a debt collector's actions can violate both provisions.  (Pl. Mov. Br. at 13–14).  Plaintiff argues that such is the case here, and that "because Defendant's letter was designed to take an unfair advantage of consumers who assumed that there would be additional charges or fees, the letter also violates § 1692f."  (*Id.* at 14).  Defendant makes no arguments concerning Plaintiff's claim regarding § 1692f in opposition.  Nonetheless, the Court finds that Plaintiff has not met his burden of establishing that he is entitled to summary judgment on his FDCPA claim premised on a violation of § 1692f.

Plaintiff cites to a Second Circuit case finding that claims premised on violations of § 1692e and § 1692f are not mutually exclusive.  (Pl. Mov. Br. at 13 (citing *Arias v. Gutman, Mintz, Baker & Sonnenfeldt LLP*, 875 F.3d 128, 135 (2d Cir. 2017)).  However, courts in this district have held that § 1692f "cannot be the basis for a separate claim for conduct that is already explicitly addressed by other sections of the FDCPA."  *Bordeaux v. LTD Fin. Services L.P.*, No. 16-0243, 2021 WL 4438127, at *6 (D.N.J. Sept. 28, 2021) (citing *Corson v. Accts. Receivable Mgmt., Inc.*, Civ. No. 13-1903, 2013 WL 4047577, at *7 (D.N.J. Aug. 9, 2013)) (collecting cases).  Thus, courts in this district "routinely dismiss § 1692f claims when a plaintiff does not identify any misconduct beyond that which he asserts violates other provisions of the

FDCPA." *Rush v. Portfolio Recovery Associates LLC*, 977 F. Supp. 2d 414, 432 (D.N.J. 2013) (cleaned up) (citations omitted); *Bordeaux*, 2021 WL 4438127, at *6 (explaining that courts in this district have dismissed § 1692f claims for being duplicative of § 1692e claims).

Here, Plaintiff has not pointed to any evidence to support his allegation that "Defendant's letter was designed to take an unfair advantage of consumers who assumed that there would be additional charges or fees." (Pl. Mov. Br. at 14). Plaintiff has therefore not met his burden of proving that there are no genuine issues of material fact regarding this claim. *See Rosen v. Bezner*, 996 F.2d 1527, 1530 (3d Cir. 1993) ("[T]he moving party has the initial burden of identifying the evidence that demonstrates the absence of a genuine issue of material fact.") (quoting *J.F. Feeser, Inc. v. Serv–A–Portion, Inc.*, 909 F.2d 1524, 1531 (3d Cir.1990)). Though Defendant does not provide any specific opposition to this allegation, "where the movant bears the burden of proof at trial and the motion does not establish the absence of a genuine factual issue, the district court should deny summary judgment even if no opposing evidentiary matter is presented." *Resolution Trust Corp. v. Gill*, 960 F.2d 336 (3d Cir. 1992). Accordingly, Plaintiff's motion for summary judgment on his FDCPA claim premised on a violation of § 1692f is **DENIED**. Because Plaintiff has not met his burden of establishing a violation of either § 1692e or § 1692f, the Court need not decide whether claims under § 1692e and § 1692f are mutually exclusive at this time.

### C.   Consumer Debt

The parties also dispute whether Plaintiff has sufficiently proven that the debt at issue was for consumer debt, the third element of his FDCPA claim. Because the Court denies Plaintiff's motion for summary judgment on other grounds, the Court need not address this dispute here. Nonetheless, to the extent Defendant argues that the Court lacks jurisdiction

because Plaintiff has failed to prove that the debt is for "consumer debt," and that Plaintiff's motion for summary judgment should be denied on that basis, the Court finds that Plaintiff has identified sufficient evidence to support this element of his claim.[4]  (*See* Def. Opp. Br. at 13).

The FDCPA defines a "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5). Plaintiff points to circumstantial evidence as supporting that the debt here is for personal consumer debt.  First, Plaintiff points to the fact that the credit card on which the debt accumulated was issued in Plaintiff's name, not to a business account.  (Pl. Mov. Br. at 5 (citing Letter)).  Second, Plaintiff points to testimony from Defendant that it "'more heavily' leans towards personal collections, as opposed to business collections."  (*Id*. at 4–5 (citing D.E. 61-3 ("Linker Decl."), Ex. 2 at 7:3–11)).  Finally, Plaintiff points to his interrogatory responses, which state "that he used the Capital One card for personal purposes."  (Pl. Reply at 6).  This evidence is sufficient to support that the debt is for personal consumer debt.  *See Knight v. Midland Credit Management Inc.*, No. 17-3118, 2019 WL 1516941 (E.D. Pa., April 5, 2019) (finding that the plaintiff had established that the debt was for consumer debt through her interrogatory response that she used the credit card to purchase items for her home, including groceries).  Nonetheless, the Court denies Plaintiff's motion for summary judgment on other grounds.

## IV.     CONCLUSION

Because Plaintiff moves for summary judgment on his § 1692e claim on a theory that he was precluded from pursuing, and because Plaintiff has not met his burden on summary judgment with respect to his § 1692f claim, his motion is **DENIED** *without prejudice*.

---

[4]      Defendant provides no arguments and cites to no case law in support of this proposition.

**Dated:** March 24, 2023

_____

**Esther Salas, U.S.D.J.**